**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 27, 2020

LETTER OPINION AND ORDER

RE:     *Paragon Systems, Inc. v. Michael Hughes, et al.*;
        Civil No. SAG-20-1209

Dear Counsel:

Plaintiff Paragon Systems, Inc. ("Paragon") filed complaints ("the Complaints") against Defendants Walden Security, Inc.[1] ("Walden"), Michael Hughes, and Kim Campbell (collectively "Defendants"), alleging misappropriation of trade secrets, breach of contract (against Hughes only), conversion, and replevin.  Civil No. SAG-20-1209, ECF 1; Civil No. SAG-20-1215, ECF 1.[2]  The Complaints have been consolidated for disposition.  Walden filed a Motion to Dismiss, ECF 27, as did Hughes and Campbell, ECF 29 (collectively, "the Motions").  I have considered the Motions, along with the various oppositions and replies.  ECF 30, 31, 32, 33.   No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons set forth below, the Motions will be denied.

The Complaints generally allege that Defendant Hughes, while employed by Paragon, transmitted Paragon's trade secrets and other confidential information to his former employer, Defendant Walden. Defendant Campbell, Hughes's girlfriend, is alleged to have assisted him by, in relevant part, faxing the information to Walden from her workplace.  Paragon learned of the misappropriations via an anonymous letter, sent by a Walden employee, which enclosed an example of documents Hughes and Campbell had transmitted to Walden ("Exhibit 3").  The Complaints allege that Walden unlawfully used the misappropriated information to compete successfully against Paragon for the awarding of three government contracts to provide security services at federal courthouses.

Defendants argue in the Motions that Paragon has failed to state a legally sufficient claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF 27-1, 29-1; *see, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  A 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon

---

[1] Walden suggests, in its Motion, that a corporate entity that does not exist is named as the Defendant.  ECF 27-1 at 1 n.1.  The Court will not address that issue with more specificity here, but will name the entity listed in the Complaints.

[2] The remainder of the ECF citations herein refer to case SAG-20-1209, which is the lead case following consolidation.

*Paragon Sys., Inc. v. Michael Hughes, et al.*
Civil No. SAG-20-1209
October 27, 2020
Page 2

which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Put simply, Defendants' Motions largely seek to address the merits of Paragon's claims, and specifically whether the information Hughes and Campbell allegedly disclosed constitutes trade secrets. Defendants vehemently argue that the information in Exhibit 3, ECF 25-2, cannot be considered trade secret material. ECF 27-1 at 2 ("Plaintiff has now submitted the two documents it claims are 'trade secrets' under seal."); ECF 33 at 7 ("Paragon has not alleged facts that establish the essential elements of a trade secret claim because the information in Exhibit 3 is generally known to and readily ascertainable by others in the industry.").

*Paragon Sys., Inc. v. Michael Hughes, et al.*
Civil No. SAG-20-1209
October 27, 2020
Page 3

In so arguing, Defendants misapprehend the gravamen of Paragon's Complaint: its allegations are not restricted to the disclosure of Exhibit 3, alone, to Walden.[3] Instead, the Complaint alleges that "many documents detailing [Paragon's] processes and procedures are being passed to Walden Security." ECF 1 ¶ 37 (alteration in original). The documents attached as Exhibit 3 constitute one example, but not an exhaustive example, of the types of material provided. Exhibit 3 is significant primarily because it demonstrates some of the alterations and redactions allegedly made to the Paragon documents sent to Walden, as well as the fax header connecting the transmissions to Hughes and Campbell. The Complaints also allege that the misappropriated trade secret information included, "Paragon's pricing data for Federal Circuits and various Paragon form documents," *id.*, which allowed Walden to bid a "final contract price . . . within one-twentieth of one percent of Paragon's final contract price, in proposals worth many tens of millions of dollars." *Id.* ¶ 49. Those contract outcomes provide powerful circumstantial allegations corroborating the anonymous letter suggesting that Paragon's pricing data had been unlawfully conveyed to Walden. Additionally, the Complaints allege steps that Paragon took to protect and maintain the secrecy of its information, including the execution of non-disclosure agreements by its employees, the restriction of access to the information, and the confidentiality markings on the documents themselves (which were allegedly redacted before transmission to Walden). *Id.* ¶¶ 22, 41, 60. The allegations regarding the similarities in the pricing of the contract proposals, and the fact that Paragon lost three contracts to Walden in a short time window, suffice to allege the independent economic value of Paragon's trade secret information. While Defendants fairly point to some

---

[3] Defendants ask this Court to take judicial notice of certain publicly available material, which they contend illustrates that Exhibit 3 does not contain trade secret information. *See, e.g.*, ECF 27-1 at 14-21. Consideration of this material is inappropriate at this stage of the proceedings. *See* Fed. R. Civ. P. 12(d) (requiring the court to convert a Rule 12(b)(6) motion to a motion for summary judgment if matters outside the pleadings are presented and not excluded); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (explaining that "as a general rule, extrinsic evidence should not be considered at the 12(b)(6) stage" where it is not attached to the pleadings and integral to the complaint). Defendants apparently argue the material should be considered as a "public record." ECF 27-1 at 5-6 (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 176, 180 (4th Cir. 2009)). In narrow circumstances, courts may consider "relevant facts obtained from the public record" in examining a motion to dismiss. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)), *abrogated on other grounds by Reed v. Town of Gilbert*, 576 U.S. 155 (2015); *Goldfarb v. Mayor and City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). However, not all publicly available materials fall into this exception. *See, e.g.*, *Clatterbuck*, 708 F.3d at 557 (holding the district court "impermissibly reach[ed] outside the pleadings" even though the documents considered were "available for viewing" on a government website); *Humane Soc'y of the United States v. Hanor Co. of Wisconsin, LLC*, No. 4:15-CV-109-FL, 2016 WL 3435192, at *4 (E.D.N.C. June 17, 2016) (refusing to take judicial notice of the contents of certain public documents). In short, the Court may take judicial notice of the fact that the document Defendants submit exists, but it will not "draw inferences from the contents of [the] document, especially where those inferences are hostile to plaintiff." *Humane Soc'y*, 2016 WL 3435192 at *4.

*Paragon Sys., Inc. v. Michael Hughes, et al.*
Civil No. SAG-20-1209
October 27, 2020
Page 4

degree of generality in the allegations at this early stage of the case, the allegations suffice to give Defendants fair notice of the claims, and the claims alleged are plausible. Thus, Paragon's trade secret claims survive dismissal,[4] as does its breach of contract claim against Hughes, which is premised on his alleged misappropriation and disclosure of trade secret information.

Defendants further contend that Paragon's conversion and replevin claims are subject to dismissal because they are preempted by the relevant statutes governing the misappropriation of trade secrets. ECF 27-1 at 23-25; ECF 29-1 at 2. While it may be true that statutory remedies could eventually preempt the common law claims with respect to trade secret information, it is conceivable that all or some of the material Paragon alleges to be trade secrets may eventually be deemed to be, at most, confidential information. Accordingly, at this pre-discovery stage, Paragon's claims for conversion and replevin are appropriately pled in the alternative, and will not be dismissed. *See, e.g.*, *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 802 (D. Md. 2002) (denying motion to dismiss based on statutory preemption because both alleged trade secrets and other confidential material were implicated, and plaintiffs may plead in the alternative). Finally, the various choice of law issues raised by Defendants' Motions, which will turn on where any tort wrong occurred, will be better addressed after discovery has occurred and the relevant facts are more easily ascertained.

For the reasons set forth herein, Defendants' Motions to Dismiss, ECF 27 and 29, are DENIED. Despite the informal nature of this letter, it should be flagged as an opinion and order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[4] Paragon's statutory trade secret claims are brought, in the two Complaints, pursuant to the Defend Trade Secrets Act, the Tennessee Uniform Trade Secrets Act, the Virginia Uniform Trade Secrets Act, and the Maryland Uniform Trade Secrets Act.